IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ZIAD GHONEIMY ALI ABDALLA AHMED,

Petitioner,

ORDER

v.

26-cv-762-wmc

TYLER EDWARDS, Jail Administrator, Douglas County Jail, PETER BERG, Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, and TODD BLANCHE, Attorney General of the United States,

Respondents.

Petitioner Ziad Ghoneimy Ali Abdalla Ahmed is a non-citizen from Egypt who entered the United States in 2024 and was detained at the border near Otay Mesa, California. Released on his own recognizance, he was subsequently granted special immigrant juvenile status. (Dkt. #1-2.) On August 4, 2026, however, Immigration and Customs Enforcement ("ICE") agents encountered petitioner at the Itasca County Jail in Minnesota, following his arrest for driving with a suspended New York driver's license. Since then, petitioner has been held at the Douglas County Jail in Superior, Wisconsin, pending removal proceedings. Petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the named respondents are detaining him unlawfully without an opportunity for a bond hearing under 8 U.S.C. § 1225(b)(2)(A). (Dkt. #1.)[1] More specifically, petitioner contends that § 1225(b)(2)(A)

[1] The federal respondents include Attorney General Todd Blanche, Department of Homeland Security Secretary Markwayne Mullin, Acting Director of ICE David Venturella, and Peter Berg, who serves as Director of the ICE Field Office in St. Paul. The court did not request an answer from Tyler Edwards, as Jail Administrator for the Douglas County Jail, because it is not clear that

does not apply, and he is subject to the discretionary detention under 8 U.S.C. § 1226(a)(2), entitling him to a bond hearing.

The federal respondents agree that petitioner is entitled to a bond hearing under *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), in which the Seventh Circuit joined the Second, Sixth, Tenth, and Eleventh Circuits in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Cirrus Rojas*, 2026 WL 2198315, at *1 n.1, *2. Although there is a circuit split, with the Fifth and Eighth Circuits having sided with the government's position that § 1225(b)(2)(A) applies to unadmitted aliens inside the country and allows detention without bond in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026), respectively. The Ninth and the Fourth Circuits have since reached the same conclusion as the majority of circuit courts. *See Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026) (concluding that § 1225(b)(2)(A) is best construed as applying to aliens entering the United States at the border, while § 1226 is best understood as governing inadmissible and deportable aliens present in the interior of the United States); *Lopez Garcia v. Guadian*, Nos. 25-7044, 25-7050, 2026 WL 2661092, at *21 (4th Cir. Sept. 10, 2026) (concluding that § 1226 governed the petitioners' detention and that they could not be detained pending the outcome of their removal proceedings without the opportunity to argue for their release at a bond hearing).

---

he is petitioner's immediate custodian for purposes of habeas review. *See Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006) (discussing who serves as the proper respondent in an immigration-related habeas petition).

Regardless, under *Cirrus Rojas*, this court must grant the petition for a writ of habeas corpus and order that a bond hearing take place within 7 days of this order. At the same time, the court will deny petitioner's request for release from detention, which is discretionary under § 1226 and lawful so long as a prompt, individualized bond hearing is provided. *See Cirrus Rojas*, 184 F.4th at 917; *see also Leonteva v. Noem*, 834 F. Supp. 3d 805, 818 (S.D. Ind. 2026); *Azab v. Edwards*, No. 26-cv-765-jdp, 2026 WL 2720317, at *1 (W.D. Wis. Sept. 15, 2026).

ORDER

IT IS ORDERED that:

1) The petition for a writ of habeas corpus filed by Ziad Ghoneimy Ali Abdalla Ahmed (dkt. #1) is GRANTED as set forth above.

2) Within **seven (7) days** of the date of this order, respondents SHALL afford petitioner a bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

Entered this 17th day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge